

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-10-2003

# USA v. Wilson

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1319

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Wilson" (2003). *2003 Decisions*. Paper 120.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/120

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-1319

UNITED STATES OF AMERICA

v.

JOHN WILSON,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
District Judge: The Honorable Sue L. Robinson
(D.C. No. 02-cr-00027)
_____

Submitted pursuant to Third Circuit LAR 34.1(a)
on November 6, 2003

Before: McKEE, SMITH and GREENBERG, *Circuit Judges*

(Filed:  November 10, 2003)

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge.*

John Wilson pleaded guilty to credit card fraud and possession of false federal

identification on July 25, 2002.  He was sentenced to thirty three months imprisonment

and ordered to pay restitution in the amount of $41,286.84.  Thereafter, Wilson requested

that the District Court dismiss his court-appointed counsel and appoint new counsel to handle his appeal. The District Court granted Wilson's request and new counsel was appointed to prosecute Wilson's appeal.[1] After meeting with Wilson and reviewing the record and caselaw, Wilson's counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).

In *Anders*, the Supreme Court stated that the "constitutional requirement of substantial equality and fair process" means that appellate counsel must act as an advocate for the defendant. 386 U.S. at 744. Thus, counsel's

> role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*Id.* As we explained in *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), the *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." Accordingly, our inquiry is twofold: (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)); *see also Anders*, 386 U.S. at 744 (explaining that the court must proceed, "after a

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

full examination of all the proceedings, to decide whether the case is wholly frivolous."). If review fails to reveal any nonfrivolous issues, the court "may grant counsel's request to withdraw and dismiss the appeal." *Anders*, 386 U.S. at 744.

After considering counsel's *Anders* brief, we are satisfied that he thoroughly examined the record for issues of arguable merit and fulfilled the requirements of *Anders*. Counsel correctly observed that Wilson's plea of guilty limited the issues he is entitled to challenge on appeal to the District Court's jurisdiction, the validity of the guilty plea, and the legality of the sentence. *United States v. Broce*, 488 U.S. 563, 570-75 (1989). As Wilson's counsel noted, there is no basis for disputing the District Court's jurisdiction.

With respect to the validity of Wilson's guilty plea, counsel fully satisfied his obligation under *Anders*. He considered not only whether the guilty plea proceeding complied with the requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969), but also addressed each of the requirements of Federal Rule of Criminal Procedure 11.

Wilson's sentencing was also conscientiously examined by his appellate counsel. We agree that the District Court did not err in calculating either the criminal history score or the amount of the loss. Our review of the record confirms that the District Court had sufficient evidence to support its computation of Wilson's criminal history score. The amount of the loss was based on a stipulation reached between the parties. To be sure, Wilson expressed some uncertainty at sentencing as to whether he wanted to proceed based on this stipulation. The District Court offered to continue the proceeding and

3

explained what might be the result of such action inasmuch as the stipulation had been reached midway through the government's investigation into the number of victims and the amount of the loss. Wilson responded that he understood and was "prepared to move forward with sentencing." Thus, there was sufficient evidence to support the District Court's calculation of the amount of loss and there is no plain error.

Counsel advised Wilson of his intention to file an *Anders* brief and that Wilson was entitled to file a *pro se* brief.[2] In his informal brief, Wilson also challenges the amount of the loss and asserts that the District Court erred by refusing to depart downward based on his psychological history, his health status and his traumatic childhood. As we explained above, there is no merit to Wilson's argument with respect to the amount of loss set forth in the stipulation. There is also no merit to his argument that the Court's refusal to depart was plain error. The transcript from the sentencing hearing

---

[2]Counsel's notice to Wilson is consistent with Local Appellate Rule 109.2(a) of the Third Circuit which provides:

> Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which shall be served upon the appellant and the United States. The United States shall file a brief in response. Appellant may also file a brief in response *pro se*. After all the briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, it will discharge counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing.

confirms that the District Judge knew that she had the authority to depart, but chose to sentence him to the low end of the guideline range as she found it was appropriate in light of the offenses he had committed. Accordingly, we lack jurisdiction to review this aspect of Wilson's sentence. *United States v. McQuilkin*, 97 F.3d 723, 729 (3d Cir. 1996).

In sum, we agree with counsel's assessment of Wilson's appeal. Our own independent review of the record fails to reveal any nonfrivolous issues for appeal. Accordingly, we will grant counsel's motion to withdraw and affirm the judgment of the District Court entered on January 21, 2003. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).

_____

TO THE CLERK:

Please file the foregoing Opinion.

　　　　　　　　　　　　　　　　　　　　___/s/ D. Brooks Smith_____
　　　　　　　　　　　　　　　　　　　　Circuit Judge

5